

# CONSULTING AGREEMENT

This Consulting Agreement (the "Agreement") is entered into by and between Evident Technologies, Inc., having its principal place of business at 45 Ferry Street, Troy, New York 12180 ("Evident") and George M. Williams, an individual having an address at 4059 Old River Road, Niskayuna, NY 12309 ("Consultant").

In consideration of the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

## 1. Services

Consultant shall provide consulting services to Evident from time to time as reasonably requested by Evident. These consulting services shall include budgetary and financial services as reasonably requested by Evident, with individual tasks to be mutually agreed upon by Evident and Consultant.

## 2. Compensation and Terms of Payment

Consultant shall be compensated at the rate of $100/hour of consulting services performed to the satisfaction of Evident with twenty hours prepaid upon signing this agreement. For the term of the Agreement, Consultant shall submit a monthly invoice to Evident and Evident shall pay Consultant in full within 30 days from the date of each invoice after applying the prepayment. At the time the invoice is submitted, Consultant shall submit a summary report detailing his billable activities during such invoice period.

## 3. Expenses and Administrative Fees

Consultant shall be responsible for all expenses and administrative fees incurred while performing services under this Agreement unless otherwise agreed, in writing, by the parties.

## 4. Term and Termination

The term of this Agreement shall commence on May 22, 2009. Either party may terminate this Agreement, at any time, by giving one month's written notice of such termination to the other party. Consultant shall be entitled to full payment for services performed prior to the date of termination; provided however, that Evident may withhold payment until receipt of all deliverables relating to the services performed by Consultant hereunder.

## 5. Confidentiality

Consultant acknowledges that he is a party to and continues to be bound by that certain Non Disclosure and Non Compete Agreement dated January 17, 2007. Consultant agrees that any Confidential Information disclosed to Consultant during this consultancy shall be subject to such agreement.

## 6. Independent Contractor Status; No Authority to Bind

   a. Consultant is an independent contractor, not an employee of Evident. Consultant's relationship to Evident hereunder shall be that of a vendor of services. Moreover, Consultant's employees or subcontractors are not employees of Evident.
   b. Consultant, when acting in his role as Consultant, shall have no right or authority, expressed or implied, to commit or otherwise obligate Evident or any of its affiliates to any third party in any manner. Consultant agrees that Evident shall not be obligated to third parties with whom Consultant may make agreements or to whom Consultant may direct payments without Evident's prior written consent. Under no circumstances shall the provisions of this Agreement be construed as establishing a partnership relationship between the parties.
   c. Consultant has the right to perform services for others during the term of this Agreement. Evident shall not require Consultant to devote full time to performing the services required by this Agreement.
   d. Consultant is not entitled to participate in Evident's employee pension, health, vacation pay, sick pay or other fringe benefit programs.

## 7. Local, State and Federal Taxes

Consultant shall pay all income taxes and FICA (Social Security and Medicare taxes) incurred while performing services under this Agreement. Evident will not: (a) withhold FICA from Consultant's payments or make FICA payments on Consultant's behalf, (b) make state or federal unemployment compensation contributions on Consultant's behalf or (c) withhold state or federal income tax from Consultant's payments.

## 8. Ownership

   a. Consultant agrees that all copyrightable material, notes, recordings, drawings, designs, inventions, improvements, developments, discoveries and trade secrets (collectively, "Inventions") conceived, made or discovered by Consultant, solely or in collaboration with others, during the term of this Agreement that relate in any manner to the business of Evident that Consultant may be directed to undertake, investigate or experiment with, or that Consultant may become associated with in work, investigation or experimentation in the lines of business

2

of Evident in performing consulting services hereunder, are the sole property of Evident.
b. Consultant agrees that all documents prepared at the request of or on behalf of Evident in connection with services hereunder shall be and remain the sole property of Evident and Consultant shall deliver all such documents to Evident upon its request. For purposes of this section, the term "documents" shall include, without limitation, all reports, notes, designs, proposals, lists and sources of customers, plans, specifications, code, studies, tapes or other electronic recordings, drawings, models, sketches and renderings ("Company Information").
c. Consultant specifically agrees that all copyrightable material generated or developed under this Agreement shall be considered "works made for hire" and that such material shall, upon creation, be owned exclusively by Evident. To the extent that any such material, under applicable law, may not be considered works made for hire, Consultant hereby assigns to Evident the ownership of copyright in such materials, without the necessity of any further consideration, and Evident shall be entitled to obtain and hold in its own name all copyrights in respect of such materials. On or before termination of work, Consultant, shall return to Evident all originals and copies of all or any part of Company Information.
d. If and to the extent Consultant may, under applicable law, be entitled to claim any ownership interest in the Company Information and Inventions, Consultant hereby transfers, grants, conveys, assigns, and relinquishes exclusively all of Consultant's right, title, and interest in and to such materials, under patent, copyright, trade secret, and trademark law, in perpetuity or for the longest period otherwise permitted by law.
e. Consultant shall perform any acts that may be deemed necessary or desirable by Evident to evidence more fully transfer of ownership of all materials designated under this Section 8 to Evident to the fullest extent possible, including but not limited to the making of further written assignments in a form determined by Evident.

9. **Dispute Resolution**

If a dispute should arise under this Agreement, the parties agree to exercise good faith and attempt to resolve the dispute with the help of a mutually agreed-upon mediator in Rensselaer County, New York. If, after such good faith mediation, such a resolution is not possible, the parties agree to submit the dispute to a mutually agreed-upon arbitrator in Rensselaer County, New York. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction to do so. Costs of arbitration, including attorney fees, will be allocated by the arbitrator.

## 10. Limited Liability

This provision allocates the risks under this Agreement between Evident and Consultant. Consultant's compensation reflects the allocation of risk and limitation of liability specified below. Consultant's total liability to Evident under this Agreement for damages, costs and expenses, shall not exceed the compensation received by Consultant under this Agreement, whichever is less.

NEITHER PARTY TO THIS AGREEMENT SHALL BE LIABLE FOR THE OTHER'S LOST PROFITS, OR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, WHETHER IN AN ACTION IN CONTRACT OR TORT, EVEN IF THE PARTY HAS BEEN HAS BEEN ADVISED BY THE OTHER PARTY OF THE POSSIBILITY OF SUCH DAMAGES.

## 11. Severability

In the event any provision of this Agreement is found to be invalid, illegal or unenforceable, the validity, legality and enforceability of any of the remaining provisions shall not in any way be affected or impaired.

## 12. Applicable Law

The construction, interpretation of this contract and all transactions under it shall be governed by the laws of the State of New York without regard to its conflicts of laws principles.

## 13. Entire Agreement

This Agreement represents the entire agreement and understanding of the parties with respect to the subject matter hereof and supersedes all prior representations, understandings and agreements, whether oral or written, with respect to such subject matter. This Agreement may be modified only by a writing executed by both parties. Further, this Agreement may be executed in counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument. If this Agreement is executed in counterparts, no signatory hereto shall be bound until both the parties named below have duly executed or caused to be duly executed a counterpart of this Agreement.

## 14. Notices

All notices and other communications in connection with this Agreement shall be in writing and shall be considered given as follows: (a) when delivered personally or by express delivery service to the recipient's address, as stated in this Agreement, or (b) three business days after being sent by email with a returned email confirmation. Notice is effective upon receipt, provided that a duplicate copy of the notice is promptly given by first class mail or the recipient delivers a written confirmation of receipt.

## 15. Signatures

Signed for and on behalf of

Evident Technologies, Inc.

_____

Name: Clinton Ballinger

Date: June 9, 2009

Signed for and on behalf of

Consultant

_____

Name: <u>George M Williams</u>

Date: <u>June 4, 2009</u>