UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

EVIDENT TECHNOLOGIES, INC.,

Debtor.

Case No. 09-12515

Chapter 11

## APPLICATION FOR AUTHORITY TO ENTER INTO SETTLEMENT WITH LIFE TECHNOLOGIES CORPORATION f/k/a INVITROGEN CORPORATION

Evident Technologies, Inc, by its attorneys, Hodgson Russ LLP, seeks authority and approval to enter into a settlement of its claims with Life Technologies Corporation, formerly known as Invitrogen Corporation, and alleges:

1. Evident Technologies, Inc. filed for voluntary relief under Chapter 11 on July 6, 2009. A hearing to confirm its proposed Chapter 11 Reorganization Plan is scheduled for March 31, 2010.

2. Prior to filing its bankruptcy petition, the Debtor had been sued by Invitrogen Corporation, now known as Life Technologies Corporation ("LTC"), in the federal District Court for the Eastern District of Texas. In that action, which was pending at the time the Debtor's petition was filed, LTC alleged that the Debtor had infringed on three (3) patents involving nanotechnology used in life science applications.

3. The Debtor had asserted defenses to the Invitrogen claims. However, the Debtor is not pursuing any applications of its technology or products in life science and had no interest in continuing to use the patents and technology which LTC asserts are infringing.

057295/00000 Litigation 7334163v1

4. Prior to the commencement of the bankruptcy proceeding, the Debtor had entered into a Licensing Agreement of its alleged infringing technology with eBioscience, Inc., and LTC has recently indicated that it contemplated filing an administrative claim and would seek damages for monies to be received by the Debtor under the eBioscience, Inc. Agreement.

5. The Debtor thereupon moved to reject its exclusive licensing agreement with eBioscience, Inc. and the matter is on the March 24, 2010 Court calendar. eBioscience, Inc. has indicated that it intends to exercise its right under 11 U.S.C. §365(n) to continue to retain the exclusive license for the Debtor's technology and intends to make payment to the Debtor for future royalties, etc. A copy of the eBioscience, Inc. letter filed in response to the Debtor's need to reject is annexed hereto as Exhibit "A".

6. The Debtor's Plan had proposed treating LTC as a $200,000.00 claimant for purposes of a distribution under the Plan. Thus, LTC has a claim for distribution for pre-petition damages and asserts a claim for post-petition and post-confirmation damages including payments received from eBioscience, Inc.

7. LTC has also indicated that it may file an Objection to the Debtor's proposed Reorganization Plan to preserve its claims.

8. The Debtor therefore entered into a proposed Settlement Agreement with LTC which will result in LTC releasing all money claims against the Debtor including waiving its right to any distribution under the Plan. This will protect the other unsecured creditors who otherwise could have received a deminimis dividend depending on the size of the allowed LTC claim.

9. Also, the settlement will protect the estate by avoiding any administrative claim for post-petition infringement and protect the debtor from post-confirmation claims.

10. Under the Settlement Agreement, a copy of which is annexed hereto as Exhibit "B", the Debtor must acknowledge infringement and agree not to infringe in the future. Since the Debtor has no interest in pursuing development of technology in life science, the prohibition from further infringement is therefore not a burden to the estate because it was not planning on doing anything that would constitute further infringement, other than receiving payment from eBioscience, Inc.

11. The annexed Settlement Agreement further waives LTC's claim against the Debtor for all payments received from eBioscience, Inc.

12. The Debtor was forced to file in bankruptcy due to the costs of defending the claims brought by LTC. The Debtor's largest unsecured creditor is the law firm of Kenyon and Kenyon which has conducted that defense and is still owed about $1,000,000.00 for pre-petition litigation expenses. The Debtor does not have funds to continue the litigation against LTC.

13. If the Debtor won the patent litigation, it would have the right to receive the eBioscience, Inc. payments, and would not have to make any payment to LTC, and the Debtor could pursue development of life science technology. Under the proposed settlement, the Debtor achieves all that it would by litigation except for the ability to pursue life science technology, which the Debtor does not want to pursue, without the costs and delay of litigation.

14. This Court may approve a proposed settlement when the settlement is within the range of reasonableness (See, for example, *In re: Rosenberg*, 419 B.R. 532 (Bkrtcy. E.D. NY) and cases cited therein). Clearly, the settlement with LTC is reasonable because it gives the Debtor most of the benefit of actually winning the patent litigation without the cost of the litigation, and without risk. Also, the settlement will dispose of an Objection to confirmation of the Debtor's Plan.

15. Upon information and belief, the settlement is supported by the Debtor-in-Possession Lender who, if the Debtor's Plan is confirmed, will become the new owner of the Debtor. Accordingly, it is submitted that approval of the Debtor's settlement with Life Technologies Corporation is in the best interests of creditors and the estate and shall be granted by this Court.

16. The factors that a Bankruptcy Court must consider when deciding whether to approve a proposed settlement as not falling below the lowest point in the range of reasonableness are: (1) balance between litigation's possibility of success and settlement's future benefits; (2) likelihood of complex and protracted litigation with its attendant expense, inconvenience and delay, including difficulty in collecting judgment; (3) paramount interest of creditors and degree to which creditors do not object to or affirmatively support settlement; (4) whether other parties in interest support the settlement; (5) competency and experience of counsel supporting, and experience and knowledge of Bankruptcy Court Judge reviewing settlement; (6) notice and breadth of releases to be obtained by Debtor's officers and directors; and (7) extend to which settlement is product of arm's length bargaining. *Motorola, Inc. v. Official Committee of Unsecured Creditors (In re: Iridium Operating LLC)*, 478 F.3d 452, 462 (2nd Cir. 2007) (alternation in original) (quoting *In re: Worldcom, Inc.*, 347 B.R. 123, 137 (Bkrtcy. S.D. NY 2006).

17. Applying that standard to the proposed settlement, it is submitted, should justify the Court's approval of the settlement. The Settlement Agreement is the product of months of negotiations and has been reviewed by intellectual property counsel retained by the Debtor-in-Possession Lender as well as the Debtor. The cost of continuing the litigation, and the delay, inconvenience and uncertainty that the Debtor would face, are substantial and probably beyond

057295/00000 Litigation 7334163v1

the Debtor's ability to pay. The Debtor is conceding infringement in exchange for releases that are conditional upon no further infringement. The threshold Objection to confirmation to be filed by LTC makes the settlement of paramount interest to creditors so that the case can move forward to confirmation. And, as discussed above, the settlement process benefits to the estate well above the lowest in the range of possible outcomes and is supported by the Debtor-in-Possession Lender,

WHEREFORE, the Debtor, Evident Technologies, Inc., seeks an Order from this Court pursuant to Bankruptcy Rule 9019 authorizing it to enter into the proposed settlement with Life Technologies Corporation, formerly known as Invitrogen Corporation, as set forth in Exhibit "B" annexed hereto, and approving said settlement, and for whatever additional and further relief the Court deems just and proper.

DATED: March 24, 2010

HODGSON RUSS LLP
Attorneys for Debtor

By: _____
RICHARD L. WEISZ
Attorneys for Debtor
677 Broadway, Suite 301
Albany, New York 12207
(518) 465-2333